UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Richard Bobbitt,

                Petitioner,                    **MEMORANDUM & ORDER**
                                                                                  23-CV-04909 (DG)

    -against-

Daniel F. Martuscello III, *Commissioner N.Y.S. D.O.C.C.S.*,

                Respondent.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

       By Petition filed June 29, 2023, *pro se* Petitioner Richard Bobbitt, incarcerated at Auburn Correctional Facility, commenced this action pursuant to 28 U.S.C. § 2254, challenging his murder conviction in New York State Supreme Court, Kings County ("Kings County Supreme Court"). *See generally* Petition ("Pet."), ECF No. 1.[1]

       Petitioner has also moved for leave to proceed *in forma pauperis*. *See* ECF No. 4. The Court grants Petitioner's request to proceed *in forma pauperis*.

       Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has conducted an initial review of the Petition and, for the reasons set forth below, has determined that the Petition appears to be time-barred. The Court therefore directs Petitioner to submit an affirmation by February 5, 2024, explaining why his Petition

---

[1] Under the "prison mailbox rule," the operative filing date is the date on which the Petition was delivered to prison officials for forwarding to the Court. *See Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001). Here, Petitioner does not indicate the date on which he delivered the Petition to prison officials. *See generally* Pet. The Petition was received by the Court on June 29, 2023.

When citing to the Petition, the Court refers to the page numbers generated by the Court's electronic case filing system ("ECF").

should not be dismissed as time-barred.

## BACKGROUND

Petitioner was convicted of murder in the second degree in Kings County Supreme Court upon his plea of guilty. *See People v. Bobbitt*, 213 A.D.2d 417-18 (2d Dep't 1995) (noting that judgment was rendered on March 18, 1994 and specifying nature of offense).[2] Petitioner indicates that he was sentenced to a term of imprisonment of 15 years to life. *See* Pet. at 1.

Petitioner appealed his conviction and, on March 6, 1995, the Supreme Court of the State of New York, Appellate Division, Second Department affirmed the conviction. *See Bobbitt*, 213 A.D.2d at 417-18; *see also* Pet. at 2. On June 6, 1995, the New York State Court of Appeals ("Court of Appeals") denied Petitioner's application for leave to appeal. *See People v. Bobbitt*, 86 N.Y.2d 732 (1995); *see also* Pet. at 2. Petitioner did not file a petition for certiorari in the United States Supreme Court. *See* Pet. at 3.

Petitioner appears to indicate in the Petition that he filed post-conviction motions, but Petitioner does not indicate when those motions were filed or decided. *See* Pet. at 6, 10-11.

## DISCUSSION

I. **Applicable Law**

　A. **Statute of Limitations and Grace Period**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> 　(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

---

[2] The Petition itself does not specify the "[d]ate of the judgment of conviction." *See* Pet. at 1.

2

review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").

"A judgment becomes final 'after the denial of certiorari by the U.S. Supreme Court or the expiration of time for seeking certiorari.'" *Davis v. Lempke*, 767 F. App'x 151, 152 (2d Cir. 2019) (alteration accepted) (quoting *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001)). When a petitioner does not file a petition for certiorari seeking review in the United States Supreme Court, a state court conviction becomes final 90 days after the Court of Appeals either denies the petitioner's application for leave to appeal or affirms the conviction. *See McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003); *Santos v. Keyser*, No. 21-CV-02859, 2022 WL 1092678, at *2 (E.D.N.Y. Apr. 12, 2022) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012)).

A petitioner whose conviction became final prior to AEDPA's effective date of April 24, 1996 was afforded a one-year grace period within which to file his habeas corpus petition – *i.e.*, until April 24, 1997. *See Smith v. McGinnis*, 208 F.3d 13, 15 (2d Cir. 2000) (citing *Ross v. Artuz*, 150 F.3d 97, 102-03 (2d Cir. 1998)).

    **B.**    **Tolling**

As relevant here, the period within which a petition must be filed can be tolled – *i.e.*, paused – in two ways. First, AEDPA provides that "[t]he time during which a properly filed

3

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [Section 2244(d)]." 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)").  This tolling provision "applies to both the statute of limitations and the one-year grace period." *See Smith*, 208 F.3d at 15-16.[3]

Second, even where not statutorily tolled, the period within which a petition must be filed may be tolled for equitable reasons.  *See Smith*, 208 F.3d at 17; *see also Celaj v. Artuz*, 49 F. App'x 331, 333 (2d Cir. 2002) (noting that the United States Court of Appeals for the Second Circuit "has held that equitable tolling can apply to the one-year statute of limitations contained in § 2244(d) or to the one-year grace period announced in *Ross v. Artuz*").  However, "[e]quitable tolling applies only in the rare and exceptional circumstance." *Smith*, 208 F.3d at 17 (alteration accepted) (quotation omitted).  To qualify for equitable tolling, a habeas petitioner must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Dillon v. Conway*, 642 F.3d 358, 362 (2d Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  The petitioner is required to "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000); *see also Jenkins v. Greene*, 630 F.3d 298, 303 (2d Cir. 2010).  "The term 'extraordinary' does not refer to the uniqueness of the petitioner's circumstances, 'but

---

[3] Filing a post-conviction motion during the period within which a petition must be filed does not reset the date from which the period begins to run. *See Smith*, 208 F.3d at 16-17.  Filing a post-conviction motion *after* the period within which a petition must be filed has expired does not toll the period. *See, e.g.*, *Diaz v. Kelly*, 515 F.3d 149, 152 (2d Cir. 2008); *Stauffer v. McGinnis*, No. 03-CV-06510, 2008 WL 3835468, at *6 (W.D.N.Y. Aug. 13, 2008).

4

rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Bolarinwa v. Williams*, 593 F.3d 226, 231-32 (2d Cir. 2010) (quoting *Diaz*, 515 F.3d at 154). "Sufficiently 'severe' obstacles have included extraordinary attorney misconduct, the petitioner's mental illness or hospitalization, prolonged delay by a state court in sending notice of a ruling, and intentional obstruction by prison officials of an inmate's ability to file his petition." *Barrientos v. Lee*, No. 14-CV-03207, 2015 WL 3767238, at *9 (S.D.N.Y. June 17, 2015) (citations omitted).

## II. The Petition Appears to be Time-Barred

Because Petitioner did not file a petition for certiorari seeking review in the United States Supreme Court, Petitioner's judgment became final 90 days after the Court of Appeals denied Petitioner leave to appeal. *See McKinney*, 326 F.3d at 96. With the Court of Appeals denying Petitioner leave to appeal on June 6, 1995, *see Bobbitt*, 86 N.Y.2d 732, Petitioner's judgment became final on or about September 4, 1995. Because Petitioner's judgment became final prior to AEDPA's effective date of April 24, 1996, Petitioner was entitled to a one-year grace period within which to file his habeas corpus petition and Petitioner therefore had until April 24, 1997 to file a timely petition.[4] Petitioner, did not, however, file the Petition until June 29, 2023, *more than 26 years* after April 24, 1997.

### A. Statutory Tolling

Here, Petitioner appears to indicate that he filed post-conviction motions, but Petitioner does not provide the specific dates on which any such motions were filed or decided. *See* Pet. at 6, 10-11. Thus, the Court is unable to determine if, under Section 2244(d)(2), any motions

---

[4] The Petition does not allege, or provide facts that indicate, that subsection (B), (C), or (D) of Section 2244(d)(1) applies here.

5

sufficiently tolled the period within which a petition had to be filed such as to render the Petition timely. Given the age of Petitioner's conviction, however, the availability of statutory tolling seems extremely unlikely.

### B.  Equitable Tolling

On the record as it stands, the Court cannot conclude that equitable tolling applies here such as to render the Petition timely. The Petition does not suggest the existence of any extraordinary circumstance causing Petitioner's more than 26-year delay in filing his Petition.[5]

### CONCLUSION

For the foregoing reasons, Petitioner is directed to show cause by written affirmation, by February 5, 2024, why the Petition should not be dismissed as time-barred.[6] Petitioner's affirmation should include any facts supporting statutory or equitable tolling.

No response to the Petition shall be required from Respondent at this time, and all further proceedings shall be stayed until February 5, 2024 for Petitioner to comply with this Order.

If Petitioner fails to comply with this Order within the time allowed, the Petition shall be dismissed as time-barred.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: December 4, 2023
         Brooklyn, New York

---

[5] In the Petition, Petitioner references seizures and mental health issues. *See, e.g.*, Pet. at 5, 7, 12. Even assuming *arguendo* that such health issues could be deemed to constitute an "extraordinary circumstance," it is not evident from the Petition that such health issues *caused* Petitioner's delay in filing the Petition.

[6] An affirmation form is attached to this Order for Petitioner's convenience.

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Richard Bobbitt,

                      Petitioner,                  **PETITIONER'S  AFFIRMATION**
                                                                                     23-CV-04909 (DG)

      -against-

Daniel F. Martuscello III, *Commissioner N.Y.S. D.O.C.C.S.*,

                      Respondent.
---------------------------------------------------------------X

STATE OF _____   }
COUNTY OF _____   } SS:

    Richard Bobbitt makes the following affirmation under the penalties of perjury:

I am the petitioner in this action and I respectfully submit this affirmation in response to the

Court's order dated _____. The instant petition should not be time-barred because

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature

_____
Address

_____

_____
City, State & ZIP