```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Richard Bobbitt,

                                Petitioner,              MEMORANDUM & ORDER
                                                          23-CV-04909 (DG)
        -against-

Daniel F. Martuscello III, Commissioner N.Y.S.
D.O.C.C.S.,

                                Respondent.
----------------------------------------------------------------X
```
DIANE GUJARATI, United States District Judge:

      By Petition filed June 29, 2023, *pro se* Petitioner Richard Bobbitt, incarcerated at Auburn Correctional Facility, commenced this action pursuant to 28 U.S.C. § 2254, challenging his murder conviction in New York State Supreme Court, Kings County. *See generally* Petition ("Pet."), ECF No. 1.[1]

      Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court conducted an initial review of the Petition and, on December 4, 2023, issued a Memorandum & Order setting forth that the Petition appears to be time-barred. *See* December 4, 2023 Memorandum & Order (the "December 4, 2023 Order"), ECF No. 5.[2] In the December 4, 2023 Order, the Court set forth, *inter alia*, that Petitioner had until April 24, 1997 to file a timely petition but did not file the Petition until June 29, 2023, *more than 26 years* after April 24, 1997; that although Petitioner appeared to indicate that he filed post-conviction

---

[1] Under the "prison mailbox rule," the operative filing date is the date on which the Petition was delivered to prison officials for forwarding to the Court. *See Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001). Here, Petitioner does not indicate the date on which he delivered the Petition to prison officials. *See generally* Pet. The Petition was received by the Court on June 29, 2023.

[2] Familiarity with the December 4, 2023 Order is assumed herein.

motions, he did not provide the specific dates on which any such motions were filed or decided and that given the age of Petitioner's conviction, the availability of statutory tolling seemed extremely unlikely; and that on the record before the Court at the time, the Court could not conclude that equitable tolling applied such as to render the Petition timely, noting that the Petition does not suggest the existence of any extraordinary circumstance causing Petitioner's more than 26-year delay in filing his Petition.  *See* December 4, 2023 Order at 5-6.

In light of the apparent untimeliness of the Petition, the Court directed Petitioner to show cause by written affirmation, by February 5, 2024, why the Petition should not be dismissed as time-barred; instructed that Petitioner's affirmation should include any facts supporting statutory or equitable tolling; and informed Petitioner that if he failed to comply with the December 4, 2023 Order within the time allowed, the Petition shall be dismissed as time-barred.  *See* December 4, 2023 Order at 6.[3]

Petitioner did not file the written affirmation called for by the December 4, 2023 Order or otherwise respond to the December 4, 2023 Order.  *See generally* docket.

The Petition, ECF No. 1, is DISMISSED as time-barred.  Petitioner filed the Petition more than 26 years after the deadline for filing a timely petition and Petitioner has not demonstrated – nor does the record otherwise reflect – that statutory or equitable tolling applies here such as to render the Petition timely.  *See* December 4, 2023 Order at 2-6 (setting forth the applicable law and discussing timeliness, including statutory and equitable tolling).

The Court will not issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2). Petitioner, however, has a right to seek a certificate of appealability from the United States Court

---

[3] An affirmation form was attached to the December 4, 2023 Order for Petitioner's convenience. *See* ECF No. 5 at 7-8.

of Appeals for the Second Circuit.  *See* 28 U.S.C. § 2253(c).

The Court certifies pursuant to 28 U.S.C. 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Order to Petitioner.

SO ORDERED.

                                             */s/ Diane Gujarati*
                                             DIANE GUJARATI
                                             United States District Judge

Dated:  June 10, 2024
         Brooklyn, New York